STATE of Missouri, Respondent,

v.

James DODSON, Appellant.

No. KCD 29048.

Missouri Court of Appeals,
Kansas City District.

Oct. 2, 1978.

Charles A. Gallipeau, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Kathryn Marie Krause, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

James Dodson was convicted of distributing a controlled substance, § 195.020, RSMo 1975 Supp. The jury was unable to agree on punishment and the court assessed a term of ten years confinement.

On this appeal Dodson claims the court erred in (1) allowing the endorsement of a witness fifteen minutes before trial, (2) allowing the State to substitute an information for an indictment, and (3) allowing the State to display various bottles of pills to the jury. Affirmed.

Dodson does not question the sufficiency of the evidence to sustain his conviction. The jury could reasonably have found that Dodson delivered to an undercover police officer 1,970 pills containing LSD. Dodson was charged first by information but thereafter a grand jury indictment was returned charging him with transferring a quantity of LSD, a controlled substance. On the date the trial began the State apparently discovered the word "transfer" does not appear in § 195.020. The State requested leave, which was granted by the court, to substitute an information for the indictment which charged that Dodson did distribute a controlled substance. The State was also granted leave to endorse the name of Gary Bafus on the information as a witness.

 Dodson's first point complains of the action of the court in allowing the State to endorse the name of Gary Bafus as a witness on the information as the trial was beginning. The information contained a notation of "Chemist—Regional Lab" as a witness. Bafus was a chemist from the Regional Lab. Dodson contends he was surprised and the court erred in allowing the State to endorse the name of this witness and thereafter refusing to grant a continuance to allow Dodson's counsel time to prepare for cross examination. In *State v. Strawther*, 476 S.W.2d 576, 579[3, 4] (Mo. 1972) it is stated the late endorsement of a witness is a matter of judicial discretion. The court stated a "conviction will not be reversed because the name of a witness was endorsed on the information during trial unless it is shown that defendant was thereby prejudiced."

*Strawther* also mentions the factors to be taken into consideration when a claim of error is predicated on the late endorsement of a witness. The factors mentioned here which are applicable to this case involve whether in fact the defendant was surprised and suffered some disadvantage and whether the type of testimony given might readily have been contemplated. Dodson knew the charge involved drugs and knew the indictment contained a notation that a chemist from the Regional Lab would be a witness. In a case such as this Dodson knew the State would have to prove the tablets delivered to the undercover officer contained a controlled substance. Dodson knew the only way to do this would be by chemical analysis. It is difficult to imagine how Dodson could have been surprised by the appearance of a chemist to testify.

Dodson does not demonstrate in what way his preparation for cross examination was impaired. Rather, he simply draws the conclusion that he was surprised and his preparation was impaired. Dodson's counsel, who was different from counsel on appeal, did in fact cross examine Bafus rather extensively. Under these circumstances it cannot be said the court abused its discretion in allowing the State to endorse the name of the chemist and in failing to grant a continuance.

■ Dodson next contends the court erred in allowing the State to substitute an information for the indictment. Dodson primarily contends the indictment in fact did not charge any crime because it used the term "transfer" when this term is not found in § 195.020, and further, that the substitution allowed the State not only to charge a new and different crime but in fact to charge the commission of a crime for the first time. The rules under which an amendment or substitution of an indictment or information is permitted are fully set out in *State v. Wilson*, 544 S.W.2d 859, 862[1–3] (Mo.App.1976), where this court held under Rule 24.02 that no different offense is charged and if substantial rights of the defendant are not prejudiced, the amendment or substitution may be made. This court stated the ultimate question is one of prejudice. This court further said the test of prejudice "is whether a defense under the charge as originally made would be equally available after the amendment and whether defendant's evidence would be equally applicable after, as well as before, the amendment."

Section 195.020 makes it unlawful for any person to distribute a controlled substance except as authorized in Chapter 195. Section 195.010(12), RSMo 1975 Supp. defines "distribute" as to deliver. Section 195.-010(8) defines "deliver" as the actual, constructive or attempted transfer from one person to another of a controlled substance. By these definitions "distribute" means to deliver and "deliver" means to transfer. Thus, the indictment did in fact charge Dodson with a violation of § 195.020 when it charged that he transferred a controlled substance. This is the view adopted in *State v. Gordon*, 536 S.W.2d 811, 817 (Mo. App.1976) when the court held a charge of distribution of a controlled substance would authorize a conviction upon the transfer from one person to another of a forbidden narcotic. No abuse of discretion or prejudice has been shown in allowing the State to substitute an information for an indictment.

■ Dodson finally contends the court allowed the State to present evidence of other crimes when it permitted the State to display various bottles of pills not germane to the case and which were never admitted in evidence. This claim of error arises from the following events: Chemist Bafus was handed a large envelope which he identified as having been given to him by the Kansas City Police Department. He stated it was sealed when delivered to him, that he opened the envelope and sealed it after his tests were completed. At the request of the prosecutor he opened the envelope and removed seven items, consisting of containers of various pills, capsules, liquids and seeds. The State requested all seven items to be marked as exhibits. At this point counsel objected to the introduction in evidence of any of the items except that containing the 1,970 tablets Dodson was charged with delivering to the police officer. The court sustained this objection and there is nothing in the record to indicate the items excluded from evidence were again shown to the jury nor was there any mention of these items made by the prosecutor.

Dodson contends the court committed error in this incident because the other items were seen by the jury and that somehow this was evidence of the commission of other crimes. In support of this argument, Dodson makes the contradictory statement that no attempt was ever made to show the other items contained any controlled substances.

The answer to Dodson's contention is found in the fact the court granted all of the relief requested. No objection was made until the items had been taken from the envelope and the reporter had been requested to mark them. As soon as the objection was made, the court sustained it and the items were not received in evidence. The only relief requested was that the items not be received in evidence and such relief was granted. Therefore, Dodson is in no position to complain. *State v. Lafferty*, 415 S.W.2d 792, 795[4] (Mo.1967).

The judgment is affirmed.

All concur.